NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Belknap
Case No. 2023-0268
Citation: Moda v. Fernwood at Winnipesaukee Condo. Ass'n, 2024 N.H. 65

ANTHONY MODA & a.

v.

FERNWOOD AT WINNIPESAUKEE CONDOMINIUM ASSOCIATION & a.

Submitted: November 14, 2023
Opinion Issued: November 26, 2024

Haughey, Philpot & Laurent, PA, of Laconia (William Philpot, Jr. on the brief), for the plaintiffs.

Welts, White & Fontaine, P.C., of Nashua (Israel Piedra on the joint memorandum of law), and Boutin Lowman PLLC, of Londonderry (Jonathan Boutin on the joint memorandum of law) for the defendants.

COUNTWAY, J.

[¶1] This case arises from improvements that defendants Robin and Phyllis Gelinas made to their condominium unit which expanded it into the limited common area. The plaintiffs, Anthony and Rosemarie Moda and Anthony and Olga Alba, sued the defendants, Fernwood at Winnipesaukee

Condominium Association (Fernwood) and the Gelinases, seeking a declaratory judgment, costs and attorney's fees, and a permanent injunction. The plaintiffs appeal, and the defendants cross-appeal, a decision of the Superior Court (Leonard, J.) granting summary judgment in favor of the defendants. We vacate and remand.

[¶2] The record reflects the following facts. The condominium consists of eight units. The Albas own Unit 8, the Modas own Unit 1, and the Gelinases own Unit 5. In June 2021, at the condominium association's annual meeting, the Gelinases submitted a proposal to enlarge their unit's footprint by at least 32 square feet with additions into the limited common area adjacent to their unit. Fernwood and its board of directors approved the proposal. The Gelinases then completed the enlargement.

[¶3] In December 2021, the plaintiffs sued. The parties filed cross-motions for summary judgment. The court granted the defendants' motion, denied the plaintiffs' cross-motion, and denied the plaintiffs' motion for reconsideration. The court also awarded attorney's fees to the defendants. This appeal and cross-appeal followed.

[¶4] In reviewing rulings on cross-motions for summary judgment, we consider the evidence in the light most favorable to each party in its capacity as the nonmoving party and, if no genuine issue of material fact exists, we determine whether the moving party is entitled to judgment as a matter of law. JMJ Properties, LLC v. Town of Auburn, 168 N.H. 127, 129 (2015). If our review of that evidence discloses no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, then we will affirm the grant of summary judgment. Id. at 129-30.

[¶5] The plaintiffs challenge the trial court's conclusion that provisions of the Fernwood declaration of condominium waived the requirements of RSA 356-B:19, I (2022) concerning the assignment and reassignment of limited common area. The defendants argue that the trial court did not err, and that even if it did, we should affirm the order on alternative grounds. The defendants argue that RSA 356-B:19 was not implicated because no assignment or reassignment of common areas occurred, and that the plaintiffs were not "adversely affected" by the defendants' actions. Resolving these issues requires that we interpret RSA 356-B:19, I, and the Fernwood declaration of condominium. Both present questions of law that we review de novo. See Polonsky v. Town of Bedford, 171 N.H. 89, 93 (2018); Schaefer v. Eastman Community Assoc., 150 N.H. 187, 190-91 (2003).

[¶6] RSA 356-B:19, I, states:

All assignments and reassignments of limited common areas shall be reflected by the condominium instruments. No limited common

2

area shall be assigned or reassigned except in accordance with this chapter. No amendment to any condominium instrument shall alter any rights or obligations with respect to any limited common area without the consent of all unit owners adversely affected thereby as evidenced by their execution of such amendment, except to the extent that the condominium instruments expressly provided otherwise prior to the first assignment of that limited common area.

RSA 356-B:19, I. The purpose of this statute is to protect condominium unit owners' interest in limited common areas. Holt v. Keer, 167 N.H. 232, 241-42 (2015). Accordingly, this section requires that assignments and reassignments of limited common areas comply with the Condominium Act, RSA chapter 356-B, and either receive the unanimous approval of all adversely affected unit owners or be expressly authorized by the condominium instruments. RSA 356-B:19, I.

[¶7] We begin with the plaintiffs' challenge to the trial court's conclusion that Articles 2-708, 6-101, and 6-102 of Fernwood's declaration of condominium expressly provided for the expansion in this case without the need for consent from all adversely affected unit owners. We agree with the plaintiffs that these sections of the declaration do not provide a waiver from the requirement of RSA 356-B:19. The last clause of RSA 356-B:19, I, provides waiver from that provision if "expressly provided" by the condominium instruments "prior to the first assignment of that limited common area." RSA 356-B:19, I.

[¶8] To determine if those articles expressly authorize a reassignment of limited common area without such consent, we must interpret the Fernwood declaration, which we review de novo. Nordic Inn Condo. Owners' Assoc. v. Ventullo, 151 N.H. 571, 575 (2004).

[¶9] Article 2-708 addresses encroachments:

None of the rights and obligations of the owners created herein or in any deed conveying a condominium unit from the Declarant to a purchaser thereof, shall be altered in any way by encroachments, except to the extent that any unit or Common Area encroaches on any other unit or Common Area, whether by reason of any deviation from the Site Plan and the Floor Plans in the construction, repair, renovation, restoration, or replacement of any improvement, or by reason of the settling or shifting of any land or improvement, and valid easements for such encroachments shall exist; provided, however, that in no event shall a valid easement for an encroachment be created in favor of an owner or owners if said encroachment occurred due to the willful and intentional misconduct of said owner or owners or their agents or employees.

3

Articles 6-101 and 6-102 require that before a unit owner "[m]ake or permit to be made any structural alteration, improvement, or addition in or to his condominium unit" he must "obtain[] the written consent of the Board."

[¶10] We interpret Article 2-708 as creating easements to account for unforeseeable or de minimis encroachments, not for encroachments created by the enlargement of a unit such as the one at issue here. As for Articles 6-101 and 6-102, we do not read these articles as expressly authorizing the reassignment of limited common area without consent from all adversely affected unit owners. A structural change to a unit can occur without impacting the limited common area around the unit — a structural change "in" a unit would have no impact on the common area outside of the unit. When an addition does impact limited common area, the reassignment of that space must comply with RSA 356-B:19. See RSA 356-B:19, I. These articles add only the requirement for written Board approval for structural changes to the unit. We do not read these articles as authorizing the reassignment of limited common area with only Board approval. Accordingly, the condominium instruments do not expressly provide an exception to the Condominium Act. See id. Thus, if the Gelinases' expansion reassigned the limited common area, then to construct their expansion, they needed to comply with RSA 356-B:19, I, by obtaining the consent of all adversely affected unit owners — if any. See id.

[¶11] Accordingly, we next consider the defendants' argument that the trial court erred when it found that the expansion involved the reassignment of limited common area that adversely affected all unit owners. When the Gelinases expanded their unit into the limited common area assigned to their unit, that limited common area's use necessarily changed. Limited common area is defined by Fernwood's declaration as "a portion of the common area reserved for the exclusive use of those entitled to the use of one or more, but less than all, of the units." It is "limited to the exclusive use of the owner or owners of the unit or units to which [it is] appurtenant." Limited common area includes "the patios, decks, porches and land immediately surrounding several of the units as shown and designated on the site plan and floor plans." As the trial court determined, once the Gelinases expanded their unit's footprint into the land appurtenant to their unit, that land was no longer limited common area under the declaration. The land underneath the expansion no longer immediately surrounds their unit. Rather, it is part of their unit. Thus, the Gelinases converted part of their limited common area into their unit. Because the expansion implicated RSA 356-B:19, I, the defendants must comply with its requirements. See id.

[¶12] To comply with RSA 356-B:19, I, an amendment to an instrument cannot "alter any rights or obligations with respect to any limited common area

4

without the consent of all unit owners adversely affected." Id. The defendants argue that they did not need unanimous consent because no other unit owners were adversely affected by the expansion. They contend that the plaintiffs were not "adversely affected" because they did not suffer any harm. The plaintiffs respond that when the Gelinases expanded their unit, they changed the property rights of the other unit owners.

[¶13] The trial court determined that the plaintiffs were adversely affected because the expansion violated the property rights of the other owners since they own the limited common area "collectively in an undivided share." We disagree that, as a matter of law, losing a percentage of an ownership interest in limited common area — alone — adversely affects all the other unit owners. The Gelinases had the exclusive right to use the limited common area where the expansion occurred. The plaintiffs had no right to use that limited common area either before or after the expansion. Cf. Holt, 167 N.H. at 242. We conclude that the trial court erred in ruling that, as a matter of law, the expansion adversely affected all unit owners.

[¶14] The defendants also argue that the appeal should be dismissed because it is untimely. We previously denied a motion to dismiss on this basis, and we again conclude that the appeal was timely filed.

[¶15] For the foregoing reasons, we vacate the trial court's grant of summary judgment and award of attorney's fees to the defendants and remand.

<u>Vacated and remanded</u>.

MACDONALD, C.J., and BASSETT and DONOVAN, JJ., concurred; HANTZ MARCONI, J., did not participate in the final vote.